Tucker, Richard T., J.
This is a petition for judicial review of the decision of the Board of Hearings, Office of Medicaid upholding the decision of MassHealth dated September 4, 2007. The decision of MassHealth which was affirmed by the Board of Hearings found that the plaintiff Paul M. O’Connor (plaintiff or O’Connor) made a transfer of $85,850 to his son resulting in his disqualification from MassHealth long-term care benefits for a certain period of time. The plaintiff has moved for Judgment on the Pleadings pursuant to Mass.RCiv.P. Rule 12(c). A hearing was held on January 8, 2009 at which time the court heard oral argument, reviewed the administrative record and received from the parties memo-randa and other material. For the reasons stated below the court denies O’Connor’s Motion for Judgment on the Pleadings and enters final judgment affirming the decision of the Board of Hearings.
FACTUAL BACKGROUND
On September 13, 2006, Paul M. O’Connor (O’Connor) was admitted to a nursing home having paid for said services through March 25, 2007. Thereafter O’Connor’s son and guardian, Paul F. O’Connor (Son) organized the POC Family LLC, a Massachusetts Limited Liability company (POC LLC) which thereupon entered into a private annuity agreement with O’Connor on January 25, 2007. Pursuant to that agreement, O’Connor paid the LLC $72,350 upon POC LLC’s agreement to pay him the sum of $850 per month for life. On April 20, 2007, O’Connor and the POC LLC entered a second agreement in which O’Connor paid LLC $13,500 and the LLC was to provide a monthly return to O’Connor of $159.43 per month per life. In entering into these agreements, Son, who held a Durable Power of Attorney from O’Connor, signed as both the representative of the POC LLC and for his father, O’Connor under the Power of Attorney.
O’Connor applied for MassHealth benefits on July 30, 2007 seeking a start date for MassHealth long-term care services benefits as of April 20, 2007. This application was denied by MassHealth on September 4, 2007 upon its conclusion that the transfers of over $85,000 into two private annuities with POC LLC were “disqualifying transferís] of resources” and that O’Connor would be ineligible to receive long-term care service benefits through March 9, 2008.
Upon appeal to the Board of Hearings of the Office of Medicaid, the hearing officer upheld the action of MassHealth stating that the two annuities in question violated regulations in that the Commonwealth of Massachusetts was not listed as a first position remainder beneficiary and that the annuities were not irrevocable. As a result, the hearing officer found both transfers to be disqualifying and upheld the finding of MassHealth.
From this decision of the Board of Hearings, O’Connor filed a timely complaint and now seeks Judgment on the Pleadings under Rule 12(c), Mass.R.Civ.P.
DISCUSSION Standard of Review
The Court may modify or set aside an administrative agency’s decision where the decision exceeded the agency’s authority, was based upon an error of law, was unsupported by substantial evidence, or was arbitrary and capricious or otherwise not in accordance with law. Connolly v. Suffolk County Sheriffs Dept. 62 Mass.App.Ct. 187, 192 (2004), citing G.L.c. 30A, §14(7). Substantial evidence is evidence “that a reasonable mind might accept as adequate to support a conclusion.” Bournewood Hospital, Inc. v. Massachusetts Comm’n Against Discrimination, 371 Mass. 303, 317 (1976), citing G.L.c. 30A, §1(6). “The reviewing court ‘shall [however] give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.’ ” Connolly, 62 Mass.App.Ct. at 192. Pursuant to G.L.c. 30A, §14, it is the function of the agency rather than the Court to make findings of fact, and it is the duty of the agency rather than the Court to weigh the credibility of the witnesses. Catrone v. State Racing Comm’n, 17 Mass.App.Ct. 484, 486 (1984). The agency has the benefit of observing the witnesses, and thus is better able to make assessments as to the credibility of the testimony. Cherubino v. Bd. of Registration of Chiropractors, 403 Mass 350, 356 (1988).
*114 In reviewing an agency’s decision, the Court is not permitted to substitute its choice for the agency’s choice between two fairly conflicting views if the Court would have decided an issue differently if the matter was before it de novo. Connolly, 62 Mass.App.Ct. at 192-1 93, citing Embers of Salisbury, Inc. v. Alcoholic Bevs. Control Comm’n, 401 Mass. 526, 529 (1988). “When determining whether an agency decision is supported by substantial evidence, the standard of review is ‘highly deferential’ to the agency.” Id. at 193, citing Hotchkiss v. State Racing Comm’n, 45 Mass.App.Ct. 684, 695 (1988). However, in evaluating the substantiality of the evidence, the Court must consider the entire record and take into account anything in the record that fairly detracts from the weight of the evidence supporting the agency’s determination. City of Salem v. Massachusetts Comm’n Against Discrimination, 44 Mass.App.Ct. 627, 640-41 (1998); Cohen v. Bd. of Registration in Pharmacy, 350 Mass. 246, 253 (1966). The burden of proof is on the appealing party to show that the decision, order or ruling of the commission appealed from is invalid. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Analysis
O’Connor argues that the annuities in issue provide for a life term which is permitted under the regulations in issue and are “actuarially sound” and as such are not prohibited under the regulations. O’Connor further argues that annuities are seen as a disqualifying transfer under 130 CMR 520.007(J)(2) only when some party other than the Commonwealth of Massachusetts is named as the remainder beneficiary. The annuities in issue being life terms, there is no named remainder beneficiary.
O’Connor further argues that the annuities in question are irrevocable as they relate to the applicant since each annuity could only be “amended, released, discharged, rescinded or abandoned, ... by a written agreement duly executed by each of the parties hereto.” Since the appellant could not unilaterally revoke either of the annuities, it is argued, the annuities pass muster as being irrevocable and non-assignable by the annuitant, O’Connor.
The defendant Office of Medicaid (“Medicaid”) responds that the transfer of $85,850 was a disqualifying transfer to the Son’s POC LLC in that the annuities in question have no fair market value. These contracts which are called “private annuities” are unsecured and, it is argued, are in reality, mere promises to pay which in all likelihood would be unenforceable by either the Commonwealth or any other party.[1] Additionally, Medicaid states that the annuities violate applicable regulations in that the Commonwealth is not a first position beneficiary of the annuities and that having no stated first position beneficiary does not comply with the requirement set forth in 130 CMR 520.007(J)(2)(a)(i). Lastly, Medicaid argues that in actuality the annuities in question are revocable albeit upon the agreement of both the POC LLC and O’Connor. The fact that O’Connor could not revoke the annuities himself does not, argues Medicaid, make them irrevocable and “non-assignable” as is required by 130 CMR 520.007(J)(2)(b).
This court finds that the annuities in question, if they are in fact annuities,[2] violate 130 CMR 520.007(J) in that they do not have a fair market value from which it can be determined whether assets were transferred by O’Connor for fair value. A transfer for less than fair value would be a disqualifying transfer. 130 CMR 520.019(C) states that “a disqualifying transfer may include any action taken that would result in making a formerly available asset no longer available.” The purchase of the annuity contracts by O’Connor for over $85,000, is a disqualifying transfer unless the annuity contracts evidence a current fair market value of at least this amount. There is no factual basis for the annuities’ current value in the record. This court also finds that the annuities in question are not irrevocable and violate requirements that the Commonwealth be listed as the first position beneficiary of the annuities.
It is settled law that under G.L.c. 30A, “(a]n agency’s interpretation of its own regulation and statutory mandate will be disturbed only ‘if the interpretation is patently wrong, unreasonable, arbitrary, whimsical, or capricious.’ ” Box Pond Association v. Energy Facilities Sitting Board, 435 Mass. 408, 416 (2001), citing TBI, Inc. v. Board of Health of North Andover, 431 Mass. 9, 17 (2000), in turn quoting Brookline v. Commissioner of the Dept. of Environmental Quality Engineering, 398 Mass. 404, 410 (1986). Simply stated, a judicial review of an agency’s decision is a determination of whether a decision was reached within the proper bounds of agency decision-making enumerated in the statute. Brookline, 398 Mass. at 410. A court must give “due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” Id., quoting G.L.c. 30A, § 14(7). In this matter MassHealth and Medicaid reached their decisions upon substantial factual support and each is not “patently wrong, unreasonable, arbitrary, whimsical, or capricious.”
ORDER
Judgment shall enter DENYING O’Connor’s Motion for Judgment on the Pleadings and AFFIRMING the decision of the Board of Hearings.

 The Commonwealth is not a party to the annuities and is not listed as a beneficiary. Therefore, Medicaid argues, POC LLC could easily go bankrupt or refuse to pay and it is unlikely that the son would sue to compel payments from the LLC that he organized and manages.

 The record does not reveal whether the Son is licensed or has any authority to sell annuities. Additionally one might question the validity of any contract made by a person who controls one contracting party and acts under a Power of Attorney on behalf of the second party.